Jonathan C. Capp, (SBN 177585)
jcclex@gmail.com
12137 Middlebrook Sq.
San Diego, CA 92128
Tel. 760 231 6498
Fax. 858 435 2510
Email: jcclex@gmail.com

Attorney for Plaintiff ABC ARBITRAGE S.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ABC ARBITRAGE S.A. (a French corporation),<br><br>Plaintiff,<br><br>vs.<br><br>HERVÉ CAEN, a citizen and resident of California<br><br>Defendant, | Case No.:<br><br>COMPLAINT FOR RECOGNITION OF FOREIGN COUNTRY FOREIGN JUDGEMENT<br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

## THE PARTIES

1. Plaintiff ABC ARBITRAGE S.A. ( hereinafter 'ABCA or Plaintiff') is, and was at all material times, a corporation duly operating and organized under the laws of the country of France and with its principal place of business in Paris, France.

2. Defendant HERVÉ CAEN ( hereinafter 'CAEN or Defendant') is a 'citizen' and resident of the state of California. During and around 2000 and

1
COMPLAINT FOR DAMAGES

2001 he resided in France and where he was the chief executive officer of a French company then known as TITUS INTERACTIVE (hereinafter 'TITUS').

## JURISDICTION AND VENUE

3. Jurisdiction is proper with his court in that there is diversity of citizenship and the matter in controversy exceeds the sum of $75,000.00 pursuant to 28 U.S.C. § 1332. Plaintiff is a corporation citizen and resident of France and defendant resides in and is a 'citizen' of the state of California.

4. This court is the correct venue to hear this matter as, upon information and be belief, the sole defendant CAEN resides and does business within Ventura and Los Angeles County, California and within the judicial district of this court.

5. Plaintiff demands jury trial for all matters that may be properly be tried by jury.

## FIRST CAUSE OF ACTION

**(Recognition of Foreign Country Judgment under Cal.Civ. Proc. Code sec. 1713 et seq.)**

6. Plaintiff incorporates and alleges each of the foregoing paragraphs as though fully set forth herein and further alleges as follows.

7. In around April 2000 Plaintiff ABCA acquired certain securities from TITUS and in doing so relied on financial information as it related to TITUS which was provided by Defendant CAEN.

8. In fact the financial information provided by CAEN to Plaintiff ABCA and upon which Plaintiff reasonably relied to purchase the securities was false and was known by CAEN to be false.

2
COMPLAINT FOR DAMAGES

9. Had Plaintiff ABCA known that the information provided by CAEN was false then they would not have purchased the securities and which fell in value and at a great loss to Plaintiff ABCA upon the true finances of TITUS becoming public.

10. As a result of these acts plaintiff ABCA brought a civil action against defendant CAEN in the commercial court of competent jurisdiction in France namely 'le Tribunal de commerce de Meaux'.

11. Defendant CAEN was duly served, appeared in court to defend the claim and was represented by counsel.

12. A decision was rendered by the above-mentioned commercial court of Meaux on September 19, 2006 in favor of Plaintiff ABCA against Defendant CAEN in the sum of 1,813,481.57 Euros ( one-million-eight hundred-thirteen-thousand-four-hundred-eighty-one Euros and fifty-seven cents). In rendering this decision the court found that defendant CAEN had acted with fraudulent intent in making the false representations as to the financial state of TITUS.

13. The decision was successfully appealed by Defendant CAEN to the Court of Appeal for Paris ( La cour d'appel de Paris).

14. The case was subsequently further appealed by Plaintiff ABCA to the French Supreme Court ( La cour de Cassation). Defendant was duly noticed of this second appeal.

15. In any event, by its decision of November 24, 2009 the French Supreme Court vacated the decision of the Paris Appeal court as to CAEN and thus reinstated the original decision of the French commercial court of Meaux as stated in paragraph 12 above .

16. As of November 24, 2009 the judgment of the French commercial court of Meaux is enforceable, final, and conclusive in France.

17. Attached as **Exhibit A** hereto is a copy of the French judgement, rendered by the commercial court of Meaux and confirmed, and rendered enforcable by the French Supreme court ( Cour de Cassation) by its decision of November 24, 2009.

18. The amount awarded Plaintiff against Defendant CAEN was for 1,813,481.57 Euros ( one-million-eight hundred-thirteen-thousand-four-hundred-eighty-one Euros and fifty-seven cents) to which should be added pre- and post- jugement interest at the applicable rates.

19. Plaintiff seeks to enforce this French jugement in California pursuant to the Uniform Foreign Country Money Judgements recognition Act ("UFMJRA"), Cal. Civ. Proc. Code sec. 1713 et seq.

20. The French judgment is entitled to recognition under the UFMJRA and otherwise in the discretion of this court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A. That the jugement of the French Commercial Court of Meaux('le Tribunal de commerce de Meaux'.) be recognized as a valid judgement for plaintiff and be entered as a valid judgment in California.

B. Awarding to Plaintiff the costs and disbursemcnts of the action, including reasonable attorneys' fees, costs, and expenses;

C. For post and pre-jugement interest at the applicable rate, and

D. Granting such other and further relief as thc Court deems just and proper

Dated: September 18th, 2016

___/s/_____[signature]_____

Jonathan C. Capp, Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands jury trial on all matters so triable.

Dated: September 18th, 2016

\_\_\_/s/ _[signature]_\_\_\_\_

Jonathan C. Capp, Attorney for Plaintiff